**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-155 |
| | § | |
| SHAWN LEE (7), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Shawn Lee's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 4, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on June 28, 2018, before The Honorable Amos L. Mazzant of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Commit Wire Fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 11 and a criminal history category of I, was 8 to 14 months. Defendant was subsequently sentenced to 8 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, drug testing and treatment, restitution of $23,546.05, and a special assessment of $100. On June 28, 2018, Defendant completed his period of imprisonment and began service of the supervision term.

On June 5, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 326, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; (2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (3) You must pay any financial penalty that is imposed by the judgment; and (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 326 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On January 14, 2019, [Defendant] submitted a urine sample which tested positive for marijuana. He subsequently admitted to using marijuana and signed an admission form stating such. On January 23, 2019, [Defendant] submitted a urine sample which tested positive for marijuana. The sample was forwarded to the laboratory where it was confirmed; (2) [Defendant] failed to submit monthly supervision reports as directed for the months of July, August, September, October, November, and December, 2018, and January, February, March, and April 2019. On March 14, 2019, [Defendant] failed to report to the U.S. Probation Office as scheduled; (3) [Defendant] has failed to make any payments toward the imposed special assessment and restitution. He has a remaining special assessment balance of $100 and restitution balance of $23,546.05; and (4) [Defendant] began substance abuse treatment at the Responsibility House on March 7, 2019. However, [Defendant] failed to attend any of his scheduled individual and group counseling sessions and

failed to submit urine samples as required by the program. He was unsuccessfully discharged from the treatment program on April 11, 2019. [Dkt. 326 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition. Having considered the Petition and the plea of true to allegations 1, 2, 3, and 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with a term of supervised release of twenty-four (24) months to follow.

The Court further recommends the reimposition of the following special conditions: (1) It is ordered that you are to pay restitution totaling $$23,546.05 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when your supervision commences is to be paid on a monthly basis at a rate of at least 10% of your gross income, to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If you receive an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) you must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed. Any and all financial penalties must be made payable by cashier's check or money order made out to the

United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 211 West Ferguson Street, Room 106, Tyler, Texas 75702; (2) You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release; (3) You must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; (4) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (5) You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; and (6) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Louisiana or Mississippi, if appropriate.

**SIGNED this 26th day of February, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE